1
6/9/2006
complaint

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## <u>Miami Division</u> 06 - 21529

FRANK POLO,
      Plaintiff,

Vs.

                                      Case no: 06-

SITA INFORMATION NETWORKING
COMPUTING, USA, Inc., a Foreign Corporation,
      Defendant,
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Frank Polo, an individual, by and through his undersigned

counsel, and hereby files this complaint against the SITA Information Networking

Computing, USA, Inc., a Foreign Corporation (herein after collectively referred to as

"Sita") for damages from violations of his Civil Rights and as grounds thereof would

state the following:

### <u>Preliminary Statement</u>

1. Plaintiff brings this suit to enforce rights pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C.A., section 2000e-3. [sec.703], 42 U.S.C.A. section 1981 a, as

amended by the Civil Rights Act of 1991 and pursuant to the Florida Civil Rights Act,

Florida Statute Section 760.10 and Florida Statute Section 448.101.



```
2
6/9/2006
complaint
```

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 USC sections 451, 1331, 1343 and 1367 and 42 USC section 2000(e)-5(f). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USC section 2000 (e), et. seq., and the Civil Rights Act of 1991, 42 USC section 1981(a), and pursuant to the Florida Civil Rights Act of 1992, Florida Chapter 760.

3. The employment practices hereafter alleged to be unlawful were committed in the Southern District of Florida, Southern Division.

## PARTIES

4. Plaintiff, Frank Polo, resides at 2600 SW 16th St, Miami, FL.33145. He is a member of a certain protected class of persons of Hispanic and Cuban descent.

5. Defendant, Sita, for all times relevant, as complained of herein, was doing business in Miami Dade County, Florida, at Perimeter Road, NW 22nd Street, Building 3030, 2nd Floor, Miami FL. Sita's principal place of business is located at 3100 Cumberland Blvd., #200, Atlanta GA. At all material times relevant, as complained of herein, Sita's business activities affected interstate commerce. Sita also employed 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times herein.

```
3
6/9/2006
complaint
```

## FACTS

6. Mr. Polo was employed at Sita from on June 24th , 2003 through November 19th , 2004 as a LEVEL III DATA TECHNICIAN. During this time of Mr. Polo's employment he experienced various circumstances involving discrimination against Cubans and/or Hispanics of any nationality.

7. After having learned of circumstances of discrimination against Hispanics Mr. Polo sent a letter complaining of unequal treatment of Hispanics to Mark Whitfield, James K. Burns and Patrick Robertson on November 2, 2004. (see composite exhibit 1)

8. Subsequent to this letter being sent, on November 19, 2004, Mr. Polo sent another letter to the same persons. (see composite exhibit 1).

9. On November 19, 2004 Mr. Polo was terminated.

10. The reason given for termination was allegedly because of the accusations in the letter.

11. Mr. Polo was qualified for this position for which he worked. Further, during his employment with Defendant, Sita, he was an exemplary employee, as shown by various commendations.

4
6/9/2006
complaint

12. On or about November 29, 2004 Mr. Polo filed a timely charge of discrimination with

the EEOC and the Florida Commission on Human Relations. (see attached exhibit 2).

13. The EEOC issued a determination that " [m]ore than 180 days have passed since the

filing of this charge" and they were "terminating its processing of this charge" (see

attached exhibit 3).   On or about March 24, 2006 a right to sue letter was issued. (see

attached exhibit 3).   Suit was brought herein within 90 days from the date of receipt of

such letter.

## COUNT I

**BY Frank Polo against Sita for TITLE VII VIOLATION of FEDERAL CIVIL**
**RIGHTS ACT: <u>RETALIATION</u>**

COMES NOW, Plaintiff, Frank Polo, pursuant to Title VII, 42 USCA Section 2000 e of

the Civil rights act, sues Defendant, Sita, for retaliation realleges as if set forth herein

paragraphs 1-13 of this complaint and states:

14. On or about November 2nd and 19th, 2004, Plaintiff, Mr. Polo, engaged in statutorily

protected expression by opposing racial and/or, national origin discrimination in violation

of the Civil Rights Act. (see attached composite exhibit 1).

15. The complaints and objections of Plaintiff, Mr. Polo, were made with the good faith

belief that Defendant, Sita, acted illegally and/or were made by Mr. Polo having had a

reasonable basis for believing Sita acted illegally in discriminating against him due to his

race and/or national origin.

5
6/9/2006
complaint

16. As a result of these complaints and petitions lodged by Plaintiff, Mr. Polo, to Defendant, Sita, Mr. Polo was terminated from his position at Sita.

17. At the time of this termination by Defendant, Sita, Sita was aware of Plaintiff, Mr. Polo's, complaints against Sita and the objections to the violations of Federal law aforementioned voiced by Mr. Polo.

18. The termination of Plaintiff, Mr. Polo, by Defendant, Sita, was causally related to his complaints and petitions made to Sita concerning the discriminatory treatment of persons of his descent and/or National origin.

19. When Defendant's agent engaged in the aforesaid actions of terminating Plaintiff, Mr. Polo, he was acting within the scope of his authority for Defendant, Sita.

20. As a result of the actions of the Defendant, Sita, described herein, Plaintiff, Mr. Polo, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

21. The actions of terminating Plaintiff, Mr. Polo, due to his complaint about the unlawful actions of Defendant, Sita, were wanton, willful and recklessly indifferent to the rights of Mr. Polo. Mr. Polo is entitled to punitive damages because Defendant's actions were wanton, willful, malicious and were recklessly indifferent to his federally protected rights.

22. The Plaintiff, Mr. Polo, was qualified for the position with Defendant, Sita.

6
6/9/2006
complaint

23. Any legitimate, non-discriminatory reason for terminating Plaintiff, Mr. Polo, is a mere pretext for the actual reason for termination: retaliation for complaining about discrimination by Defendant, Sita.

## PRAYER FOR RELIEF

Plaintiff, Frank Polo, hereby demands that the Defendant, Sita, reinstate him to the position he had with the same salary level which he would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years he would have worked absent the defendant's discriminatory treatment and award back pay and loss of employment benefits to him for the time he would have worked absent the Defendant's discriminatory treatment. Additionally, Mr. Polo hereby demands that Sita pay compensatory damages for his physical and emotional pain and suffering, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Frank Polo, demands a trial by jury on all issues trialable of right by a jury.

## COUNT II

## BY Frank Polo against Sita for FLORIDA CIVIL RIGHTS ACTION VIOLAITON: RETALIATION

COMES NOW, Plaintiff, Frank Polo, pursuant to Florida Statute Section 760.10 (7), Florida Civil Rights Act, sues Defendant, Sita, for retaliation, realleges as if set forth herein paragraphs 1-13 of this complaint and states:

24. On or about November 2nd and 19th, 2004, Plaintiff, Mr. Polo, engaged in statutorily protected expression by opposing racial and/or, national origin discrimination in violation of the Civil Rights Act. (see attached composite exhibit 1).

7
6/9/2006
complaint

25. The complaints and objections of Plaintiff, Mr. Polo, were made with the good faith belief that Defendant, Sita, acted illegally and/or were made by Plaintiff, Mr. Polo, having had a reasonable basis for believing Sita acted illegally in discriminating against him due to his race and/or national origin.

26. As a result of these complaints and petitions lodged by Plaintiff, Mr. Polo, to Defendant, Sita, Mr. Polo was terminated from his position at Sita.

27. At the time of this termination by Defendant, Sita, Sita was aware of Plaintiff, Mr. Polo's, complaints against Sita and the objections to the violations of Federal and State law aforementioned voiced by Mr. Polo.

28. The termination of Plaintiff, Mr. Polo, by Defendant, Sita, was causally related to his complaints and petitions made to Sita concerning the discriminatory treatment of persons of his descent and/or National origin.

29. When Defendant's agent engaged in the aforesaid actions of terminating Plaintiff, Mr. Polo, he was acting within the scope of his authority for Defendant, Sita.

30. As a result of the actions of the Defendant, Sita, described herein, Plaintiff, Mr. Polo, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

31. The actions of terminating Plaintiff, Mr. Polo, due to his complaint about the unlawful actions of Defendant, Sita, were wanton, willful and recklessly indifferent to the rights of Mr. Polo.

32. The Plaintiff, Mr. Polo, was qualified for the position with Defendant, Sita.

33. Any legitimate, non-discriminatory reason for refusing to hire is a mere pretext for the actual reason for termination: retaliation for complaining about discrimination by Defendant, Sita.

## PRAYER FOR RELIEF

Plaintiff, Frank Polo, hereby demands that the Defendant, Sita, reinstate him to the position he had with the same salary level which he would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years he would have worked absent the defendant's discriminatory treatment and award back pay and loss of employment benefits to him for the time he would have worked absent the Defendant's discriminatory treatment. Additionally, Mr. Polo hereby demands that Sita pay compensatory damages for his physical and emotional pain and suffering, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Frank Polo, demands a trial by jury on all issues trialable of right by a jury.

9
6/9/2006
complaint

## COUNT III

### BY Frank Polo against Sita for Violation of FLORIDA STATUTE SECTION 448.102(3): WHISTLEBLOWER ACTION

COMES NOW, Plaintiff, Frank Polo, pursuant to Florida Statute Section 448.102(3), sues Defendant, Sita, realleges as if set forth herein paragraphs 1-13 of this initial complaint and states:

34.  After noticing discrimination against Hispanics, on or about November 2nd and November 19th 2004, Plaintiff, Mr. Polo, lawfully objected to and complained to personnel, including supervisors, at the Defendant, Sita, regarding this violation law, rule or regulation with regard to racial and national origin discrimination against Hispanics and/or Cubans.

35.  The complaints and objections of Plaintiff, Mr. Polo, were made with the good faith belief that Defendant, Sita, violated a law, rule or regulation, in violation of the rights of Hispanics and/or Cubans in employment due to race and/or national origin discrimination. (Florida Statute Section 760.10).

36.  As a result of these complaints and petitions lodged by Plaintiff, Mr. Polo, to Defendant, Sita, Mr. Polo, was discharged from his employment with Defendant, Sita, on November 19, 2004.

37.  At the time of termination of Plaintiff, Mr. Polo, Defendant, Sita, was aware of the charges of discrimination made against Sita and the objections to the violations of Federal and/or State law aforementioned voiced by Mr. Polo.

```
10
6/9/2006
complaint
```

38. The Plaintiff, Mr. Polo's, discharge from his employment by Defendant, Sita, was causally related to the complaints and petitions Mr. Polo, made to Sita concerning the violation of law, rule or regulation.

39. When Defendant's agent engaged in the aforesaid actions of terminating Plaintiff, Mr. Polo, he was acting within the scope of his authority as Supervisor of Mr. Polo, which was a supervisory position at Defendant, Sita and hence, he acted in a supervisory capacity for Sita.

40. As a result of the actions of the Defendant, Sita, described herein, Plaintiff, Mr. Polo, has suffered damages, including, but not limited to emotional pain, suffering inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

41. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights.

42. The Plaintiff, Mr. Polo, was qualified for his position with Defendant, Sita.

43. Any legitimate, non discriminatory reason for discharge is a mere pretext for the actual reason for termination, retaliation for objection to discrimination against Hispanics and/or Cubans.

## PRAYER FOR RELIEF

Plaintiff, Mr. Polo, hereby demands that the Defendant, Sita, reinstate Plaintiff to the position he had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively, award front pay for the years he would have worked absent the defendant's discriminatory treatment and award back pay

```
11
6/9/2006
complaint
```

and loss of employment benefits to the Plaintiff for the time he would have worked absent the Defendant's discriminatory treatment. Additionally, Plaintiff, Mr. Polo, hereby demands that the Defendant, Sita, pay compensatory damages for Plaintiff's physical and emotional pain and suffering, award punitive damages and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

### Jury Trial Demand

Plaintiff, Frank Polo, demands a trial by jury on all issues trialable of right by a jury.

Wherefore, Plaintiff, Frank Polo, respectfully requests that this Court enter judgment in his favor.

Respectfully Submitted,

Law Office of Joseph S. Shook, Esq.

and Associates,

BY:

Joseph S. Shook, Esq.

75 Valencia Ave., #2nd Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

FBN: 0780715

Dated: 6/9/06

```
1
6/9/2006
complaint
```

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
### Miami Division

FRANK POLO,
     Plaintiff,

Vs.                                                          Case no: 06-


SITA INFORMATION NETWORKING
COMPUTING, USA, Inc., a Foreign Corporation,
     Defendant,
_____/


**COMPOSITE EXHIBIT 1**

From:     Frank Polo on 11/02/2004 09:22 PM
To:       Mark Whitfield
cc:       James K Burns, Patrick Robertson
Subject:  HR Problems at Sita/Miami

Mr. Witfield

I am sending this letter as the next step in the chain of command. I am a truly believer of the chain
of command; therefore, I have decide to take this step as my last resource to solve the problem
that many employees here in Miami are having. I had never like to go as far as having to contact
you, but I feel our civil rights are being violated; therefore, I am escalating this issue to Human
Resources and yourself expecting a prompt resolution to our problem.

This year's performance review for 4 of the 5 Latin descendent technicians has been just another
demonstration of hate against Latinos in Sita, Miami. This year's Performance review is not based
on facts. It is base on the opinion of someone that discriminates against Latinos, the same person
that I explained to Leila Gaines before, she has refused trouble tickets, stating she does want to
go to work with TACA and Avianca, because, they don't speak English. This person has before
conspired with some other Anglo-Americans to prevent me and other Latinos Technician from
advance within the company. As I explained to Mrs. Leila Gaines before, Pamela Hathaway no
only creates a hostile environment for all other technicians to work, but she also lies about other
technician's performance. It has been noticed by all other technicians that her hate against all
Latinos is easy notable.

Pamela Hathaway has, told other technicians that she didn't like to talk to Integra's guys because,
they didn't know English (Having a heavy accent does not mean, a person doesn't speak English).
Pamela Hathaway has made statements inferring the helpdesk didn't understand my English well
enough for me to keep the phones on Fridays only. Nevertheless, I was told already about some
comments that Seth Balsam made, telling other coworkers that Pamela H. was already talking to
Leila Gaines to convince her of taking the phone away from me on Friday (Me been the Lead
Data Technician). A few days latter, the helpdesk function was remove from me on Fridays and
was passed over to her.

In the last conversation I had with Mrs. Gaines, I remember I explained to her I was afraid Mrs.
Pamela's opinion was being more considered than mine because, of my race. Nevertheless, I was
never heard she just laughed at me on my face and she told me I didn't know what I was saying.

Pamela Hathaway is the only employee, which more than 90% of the airlines complain about her
performance and technical abilities. 90 % of her coworkers complain about the way she treats
Latin people. Moreover; she is the only person that when a new Anglo-American joins the
organization she creates partnerships to conspire against other employees. Nevertheless, when
many of us have talk about this issue with the administrator and Mrs. Leila Gaines they cover
things up and they don't say anything. Moreover, we have some people in our team that have a lot
more of experience and very strong people and technical skills than she does; nevertheless, she

*Exhibit 1*

got a promotion to Lead Data Technician. Why is it? Is it because, the other technicians are Latinos also?

On the other hand my evaluation from our customers can be appreciated on our Customer Feedback database in which I have four compliments. Recently, Leila Gaines received a compliment email from Alaska Airlines. She never put it in the Customer Feedback Database as she told me before she would. She didn't even tell me about the letter knowing I was copy in that letter. A few weeks latter she received another compliment letter via fax talking about the great help I had provided to Avianca and she never mention that to me. I found out about the letter because the customer told me and they even have a Fax Delivery confirmation page they saved in their files.

I also received a thank you post card from the director of sales of Avianca Airlines for all the help I have provided during this year. I received Free airline Tickets from DCA Airlines; because, of the higher quality service I have provide for them. Nevertheless, I feel I have been prevented from advancement within the company. I have applied for two positions within the company and these two positions were granted to Anglo-Americans with fewer qualifications that I have. It also called my attention that the two first (and Only) Data technicians sent by Leila Gaines to training were Anglo-Americans, and over all I found also interesting that the review for more than 90% of the Latinos currently working for Sita-Miami did not have any solid base and were negative. Moreover, we all have feel discriminated and harassed at some point within the time we have worked for Sita.

As I told Leila Gaines before, when Pamela Hathaway started all the instigation campaign, my work ethic, skills and performance is not only well known to all our customers, but also to Maurice Jenkins whom I had the pleasure to work for before. My hard work and the admiration of others for it, lead me to know very well known people, like Congressman Lincoln Diaz-Balar, Commissioner Tomas Regalado and some other commissioners that have been witnesses of my dedication to work.

As of now I have the feeling that the review for the current year is not more than a way to build a case against me and other coworkers to end up with employment termination. I have nothing against, this kind of actions. Nevertheless, I think is very incorrect to build a case against someone base on opinions from someone that has expressed her dislike to Latinos. Neither, I think we have all been treated with the same respect that we all deserve as human beings. It is very unfortunately that in our community where more than 90% of the population/ Tax-Payers are Latinos, these kinds of attitudes are tolerated.

Following I will explain to you why I think this the information used in my review by example is not Solid. The letters in bold are the statements that Leila Gaines use in my review this year, all others are my explanation.

**Tightening spring:** This was the only solution I found to solve a problem we had with ATB Jamming in area D. Even when I was never provided with manufactures specifications, I decided myself to find a solution for a problem that was affecting our customers. On the other hand once I

discovered that, this was a solution to this issue, many more people used this method. This was a temporary solution to this problem until IER sent replacement springs, recognizing by this that the spring's problem was a fact. I never received from my manager notice requesting me not to use this method any more until the day that influence by Pamela Hathaway sent an email saying that is was against IER specifications. From that point on I never used that method anymore. I was just looking for the customer satisfaction first. I am surprised when I found that fixing VH constant Jamming, by changing the Cutter to + 4 and other achievements are not stated in my review. No only VH, but many other airlines are operating today because, of this finding. I never found also my upgrade to MCSE 2003 in my review as an achievement for this current year.

**Last-Minute notice of court appearance:** I explained to Mrs. Gaines before, that I was supposed to take vacation on the week posterior to the court appearance. I mistakenly confused the date for the court appearance notice thinking that I was going to be on vacation on that date; nevertheless, when I found that the date was for that same day I was supposed to report to work. **I advised the administrator an hour before** (There is not written procedure on how early you have to call) and called my coworkers making sure there was enough coverage. On the other hand we discussed this issue 4 or more months ago, when I apologized to Mrs. Gaines and told her this was not going to happen again. Since them I don't recall any time that I have done something similar.

**Criticizing colleagues' performance in front of customer's personnel/Lack of respect for my teammates:** This issue was discussed with Mrs. Gaines and Pamela Hathaway. I remember I denied all the accusations coming form Pamela H. and asked Mrs. Leila to talk to the other two coworkers witnessing the allegations. Mrs. Gaines told me she was going to investigate this matter. As per my other two coworkers they were never called into investigation.

**Unwillingness to work within a team:** I have investigated with other 7 technicians to find out if they see this as a fact and they don't share the same opinion. This will leave me as the 8th technician and Pam Hathaway as the 9th technician out of a total of 9 technicians. I remember I was told by Mrs. Gaines that a total of 9 technicians were complaining about working with me. She also told me that only two people did not complain about working with and I remember me asking Mrs. Gaines for a meeting with all technicians to find out where the problem was to look for a solution if there was any problem. I have always showed Mrs. Gaines my best disposition to help solve any difference there may be between me and other technicians. Nevertheless, I have never found any problem working with most of my coworkers; neither, they have demonstrated me any kind of adversity when working with me.

**Unavailable for trouble Tickets or unreachable:** I do not recall never been unavailable for trouble tickets. About been unreachable, I use the telephone provide by the company which does not have the best coverage in the airport. I think we all have gone for some down moments with this cellular phones, but I don't think I can make a difference about been unreachable when Nextel's signal is not available. As Leila said herself, she moved her service from Nextel to T-Mobile due to reception problems.

**Reports On trouble Tickets often late, and produced only upon Request:** I remember we were told by Leila Gaines to enter the tickets in the tickets Log and that the last person leaving was going to send this log. I am always the first person coming in the morning; therefore, is the responsibility of the last person to send the ticket logs. When I have been requested by Christopher Johnson to send them is because, the person supposed to send the logs the night before didn't sent them. We were also told by Mrs. Gaines that reports should be generated when there is extra information to send for everyone to be aware of, like outages or major issues. I also found very interested that Junior Rodriguez was entering my tickets on Friday and Monday and the day after those days information had been removed from the ticket log. Junior and I commented this to Andrew Flynn, because, many times we found this problem and we both were very careful entering all the information. Coincidently the information missing was always mine.

It is contradictory when Mrs. Leila Gaines says that **unfortunately the site is unavailable to take advantage of my great potential and technical knowledge.** The opinion of our customers is very contradictory with these stamens. Many letters talking about how I have helped our customers and about my high technical skills/abilities have been sent to Mrs. Gaines and Mrs. Pamela Munos when this last was our manager. I think that if Sita wanted to take advantage of my great potential and technical knowledge, Mrs. Gaines, would have recommended me for the positions I applied before or at least would to have sent me to training to enhance my skills and not sent some other people like Pamela Hathaway, or Seth Balsam just because of their ethnic precedence.

For your knowledge I just found out that Mrs. Leila Gaines has told Mr. Alberto De la Hoz yesterday that he had to stay working overtime other wises not to bother to comeback to work the next day. I suffered the same threats when the City of Miami was under a stay of Emergency because, of the hurricane and I took my family away from Miami. I had to drive over 200 miles under winds of 45 miles per hour to come to work. On the other hand they sent someone to pickup Pamela Hathaway from no more than one mile of distance from the airport because they felt it was not safe for her to drive to the airport.

I don't think this kind of attitude that she only expresses toward a few Latinos should be tolerated. Mrs. Gaines has created an ambient where she keeps secret email correspondence with Pamela Hathaway by using their personal emails to conspire against other employees. We all know about this and we have multiple prove of everything I have expressed in my letter.

I hope my actions for helping in investigating this acts of discrimination and harassment case don't bring any retaliation against me by Mrs. Leila Gaines
Best regards,


Frank E. Polo
Site Technician
SITA Airport & Desktop Services

Miami International Airport

Phone:  305-869-4840
Mobile: 788-256-2713
e-mail:  Frank.Polo@sita.aero

From:    Frank Polo on 11/19/2004 08:44 AM
To:      Mark Whitfield
cc:      James K Burns, Patrick Robertson
Subject: HR Problems at Sita/Miami

Dear Mr. Mark Whitfield,

On Monday the 8th I received a call from Mr. Burns stating someone from the corporate office was going to be meeting me here in Miami by the end of that week of the beginning of this current week. Unfortunately, I haven't heard anything since.

I want to make you aware that there have been demonstrations of retaliation against Latinos from Leila Gaines since I sent a letter disclosing to you all the different demonstrations of harassment and discrimination we have been suffering at Sita/Miami. Since Mrs. Gaines came back from Atlanta, she has tried to incorporate Juan Reyes into administrative function to demonstrate there has not been discrimination against a group of Latinos at Sita Miami. Juan Reyes was another person that recently Leila described in her annual review as a person that was not a team player which many of us considered another demonstration of her hate for Latinos do to the reason that we never consider him not to be a team player. She had never consider him for any of this administrator's function before the letter stating many of us were feeling discriminated because our race and national Origin.

In our first day at work this week Mrs. Gaines have sent one email excluding me from having any administrator rights at the domain level when is supposed to be a team leader in the morning shift Tuesday- Fridays leaving our shift as the only shift without a team leader with administrator rights. Moreover, as we have always notice she has segregated our team from the rest of the team mates. She separated as many Latinos as she could from the rest of the team. Now she excluded us from using the Van putting as excuse that the van did not have gasoline on Tuesday morning and that a whole tank of gas was filled on Saturday. We all know that for that 6 cylinders van to spent ¾ of gas you have to go all around the city to use all that gas. We also know that a whole tank of gas last in that Van for almost a month. Moreover, our shift starts on Tuesday; therefore, if it was spent from Saturday-Tuesday it means we could not spent a ¾ of the tank in one morning as she has accused us.

Mrs. Gaines is also threatening us to dismiss anyone not meeting the SLA which is of 10 minutes by using the van as an excuse. We all know that in order for us to get from concourse E (where our office is located) to concourse A Gates (without using the Van) will take us minimum of 15 minutes to get to Security in concourse A . From security to the closest gate takes us another 10 minutes counting the time we have to spend to pass security.

There was an email sent by Mrs. Pamela Hathaway stating she didn't respond to a ticket because, she couldn't find the van's keys. I am quoting her words in that email "I was unable to take a TA call today because it was at gate A-23, and there was no van key in CC-E storage" Surprisingly, I found that all four calls in the morning at concourse A for American Airlines were taken by Pamela Hathaway without complaining for the van's keys. Therefore, if someone needed to use the van in

the morning was her. Isn't this another excuse not to go to TA (TACA) like when she stated she didn't like to take calls for TA and AV because, they don't speak English? I sent an email to Mrs. Gaines seen Mrs. Pamela's attitude and the email that Mrs. Gaines sent segregating us from the rest of the team and denying us the right to use the van when we have the need to use it. In that email I explained Mrs. Gaines I did not understand why we were denied the use of the van when she stated in her email that the fuel in the van was expend on the days of Saturday- Tuesday, days in which we were off-duty. When I found Mrs. Gaines was threatening us to terminate any one using no having access to the Van as an excuse not to comply with the SLA when we have calls at concourse A, I asked her if it was acceptable for some of us to refuse calls based on not having the van's key and for some others not? She never answer me that question. I also stated to her I do not understand why some of us that were not here on that day had to pay for something that someone else did while we were off? I never got an answer on this question again.

Please, let me know if you need me to send these email to you.

Best regards,

Frank E. Polo
Site Technician
SITA Airport & Desktop Services

Miami International Airport
Phone:  305-869-4840
Mobile:  786-256-2713
e-mail:  Frank.Polo@sita.aero

```
1
6/9/2006
complaint
```

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## Miami Division

FRANK POLO,
     Plaintiff,

Vs.

                                    Case no: 06-

SITA INFORMATION NETWORKING
COMPUTING, USA, Inc., a Foreign Corporation,
     Defendant,
_____/

**EXHIBIT 2**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 150-2005-00598 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Frank Polo | (305) 224-3986 | Feb 8, 1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 843 Sw 3rd Street, #5 Miami, FL 33130 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| SITA INC | 101 - 200 | (305) 869-4811 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| Perimeter Road, Nw 22nd Street, Building 3030, 2nd Floor, Miami, FL | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 11-19-2004 | 11-19-2004 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On November 19, 2004, I was discharged from my position of Lead Data Technician. I was originally hired on June 19, 2003.

The Human Resources personnel, James K. Burns told me, in the presence of Lela Gaines, Station Manager that I had sent a letter to Corporate Office regarding discrimination problems and that I had use it to cover up my performance and that they had no choice but to let me go. I told him that I had several commendations letters, about six, and that two of them had not been placed in the data base. Around 8:44 am, on November 19, 2004, the day of my discharge, I sent another e mail to Corporate Office complaining of discrimination and later that day I was discharged.

I believe that I have been discriminated against in retaliation,, after I complained of discriminatory employment practices to the Vice President in the Corporate Office in Atlanta, Georgia, by being discharged in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Nov 29, 2004** *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

```
l
6/9/2006
complaint
```

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## <u>Miami Division</u>

FRANK POLO,
      Plaintiff,

Vs.

Case no: 06-

SITA INFORMATION NETWORKING
COMPUTING, USA, Inc., a Foreign Corporation,
      Defendant,
_____/

**EXHIBIT 3**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. Frank Polo<br>843 SW 3rd Street, #5<br>Miami, FL 33130<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL<br>(29 C.F.R. 1601.7(a))* | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida  33131-1805** |

| Charge Number<br>150 2005 00598 | EEOC Representative<br>Gloria K. Allen, Federal Investigator | Telephone Number<br>305-808-1814 |
|---|---|---|

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

- [X] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

- [X] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required).  EPA suits must be brought in federal or state court within  2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

_____
**MAR 2 4 2006**

(Date Mailed)

_____
Federico Costales, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc:  Atty.  Joseph S. Shook
**LAW OFFICES OF JOSEPH SHOOK**
75 Valencia Avenue
Coral Gables, FL 33134

Atty.  Chip Parker
**SITA**
Legal Department
3100 Cumberland Boulevard
Atlanta, GA  30339

EEOC Form 161-B (10/96)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.**  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:  backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit **before 7/1/98** -- not 12/1/98 -- in order to recover unpaid wages due for July 1996.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

06 - 2 - 520

## I (a) PLAINTIFFS

FRANK POLO

## DEFENDANTS

SITA INFORMATION NETWORKING COMPUTING USA, INC.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Joseph S. Shook, Esq. 75 Valencia Ave., 2nd Floor, Coral Gables FL, 33134 (305) 446-4177

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42USCA 2000(e)(3). Retaliation for asserting rights under 42 USCA 2000 e

**IVa.** 6 **days estimated (for both sides) to try entire case**

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | A FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A ☐ CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND $** General

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): None.

JUDGE _____ DOCKET NUMBER _____

DATE 6/9/06

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2

FOR OFFICE USE ONLY: Receipt No. 742114   Amount: