UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:06-21530-CIV   COOKE/BROWN

FRANK POLO,

    *Plaintiff*,

v.

SITA INFORMATION NETWORKING
COMPUTING, USA, INC.,
a Foreign corporation,

    *Defendant*.

_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Defendant's Motion for Summary Judgment, which the Court denies for the reasons stated below.

**I.   Background**

The Plaintiff, Frank Polo, filed a civil rights action under Title VII, 42 USCA § 2000 (e), FLA. STAT. § 760.10 (7) and § 448.102 (3) for his employment termination allegedly in retaliation for reporting discrimination at the workplace.  The Defendant, employer SITA, maintains that the Plaintiff was terminated for good cause.

**II.   The Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  According to the U.S. Supreme

Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v.*

...

*City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III.    Discussion

The Defendant has moved for summary judgment, supporting its contentions with records and affidavits. The Plaintiff, *pro se*, has opposed said Motion by highlighting evidence that challenges the Defendant's positions. The Court cannot grant summary judgment, therefore, because to do so would require weighing conflicting evidence to resolve disputed factual issues in favor of the moving party. *See supra*. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Defendant's Motion for Summary Judgment [DE 54] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of September, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*